# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTONIO RODRIGUEZ,

            Petitioner,

v.

UNITED STATES OF AMERICA,

            Respondent.

Case No. 23-CV-622-JPS

**ORDER**

On May 16, 2023, Petitioner Antonio Rodriguez ("Rodriguez" or "Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The Court will now screen Rodriguez's motion.

**1.    BACKGROUND**

Rodriguez's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Antonio Rodriguez*, 20-cr-185-8-JPS (E.D. Wis.).[1] He was therein sentenced to a total term of imprisonment of 180 months, to be followed by a five-year term of supervised release, following his guilty plea to conspiracy to possess with intent to distribute cocaine and marijuana, possession of a firearm in furtherance of drug trafficking, and possession of cocaine with intent to distribute. ECF No. 1 at 1; CR-ECF No. 587. Rodriguez attests that he did not appeal from the judgment of conviction. ECF No. 1 at 2. He also writes that he has not filed any "other motions, petitions, or applications, concerning this judgment of conviction in any court." *Id*. Rodriguez purports to raise five grounds for relief. Four

---

[1] Docket references thereto will be cited as CR-ECF.

of these five grounds for relief all sound in ineffective assistance of counsel regarding his trial counsel, Michael Steinle ("Steinle"). *Id*. at 4–11. The five grounds are as follows: (1) "Counsel Failed to Advise, Inform, and Advocate for the Application of the Safety Valve Relief"; (2) "Before Advising Petitioner to Plead Guilty to Count One of The Indictment, Counsel Failed to Challenge the THC Content of the Marijuana"; (3) "Counsel Failed to Move To Suppress The Anticipated Testimony Of Confidential Sources, Alleging That Their Plea Agreement's [sic] Into Which They Entered Into [sic] With The Government Through The Department of Justice, Violated 18 U.S.C. § 201(c)(2)"; (4) "Counsel Was Ineffective For Failure to Investigate" the requirements of § 924(c); and (5) that the Court should have sentenced him "gun charge first, drug charges second" so that Rodriguez could have "benefit[ted] from safety valve relief." *Id*. at 4–9; ECF No. 2 at 6–14.

2.   **SCREENING**

The Court must now screen Rodriguez's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000). The Court ordinarily analyzes preliminary procedural obstacles, such as

whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the petition.

The Court begins by addressing the timeliness of Rodriguez's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1. Alternatively, "[i]f a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 U.S. Dist. LEXIS 45610, at *4 (C.D. Ill. March 15, 2022) (citing *Clay*, 537 U.S. at 524–25).

Rodriguez did not directly appeal his conviction, and his time to do so has expired. *See* CR-ECF No. 587; Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed within 14 days after the later of the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal."). Rodriguez's judgment of conviction was entered on April 29, 2022. CR-ECF No. 587.[2] He had until May 13, 2022 to

---

[2] The Court entered an amended judgment on May 11, 2022 to correct a clerical error with respect to restitution and the special assessment. CR-ECF No. 631. The date of that amended judgment, however, does not affect the statute of limitations analysis. *See Borgesano v. United States*, No. 20-11453, 2021 U.S. App.

directly appeal. He did not do so, and so his conviction became final for § 2255 purposes a year later—on May 13, 2023.

Further discussion is required with respect to when Rodriguez's § 2255 motion may be deemed to have been filed. Rodriguez signed his motion on May 4, 2023. ECF No. 1 at 13. On its form, he "declare[d] . . . under penalty of perjury that . . . this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 5/4/23." *Id*. The Clerk of Court did not docket his § 2255 motion until May 16, 2023—three days outside of the statute of limitations.

Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." At the screening stage, therefore, the Court is satisfied that Rodriguez's § 2255 motion may be deemed filed as of May 4, 2023, within § 2255's one-year statute of limitations.

## 2.2 Procedural Default

The Court next considers whether Rodriguez's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

---

LEXIS 20354, at *6–7 (11th Cir. July 9, 2021) ("The determinative issue . . . is whether the June 19, 2018 amended judgment . . . was a clerical correction or a substantive alteration to the sentence . . . . [I]f it was a clerical correction, then [the] original judgment became final on May 9, 2018, and [the] July 2, 2019 § 2255 motion was untimely. On the other hand, if the amended judgment was a substantive alteration to [the] sentence, then it would have triggered a new one-year limitations period under § 2255 . . . ."); *see also Happold v. United States*, Nos. 12-150-DRH; 05-40077-GPM, 2013 U.S. Dist. LEXIS 174208, at *3–5 n.2 (S.D. Ill. Dec. 10, 2013) (collecting cases) ("The amended judgment did not restart the one-year limitation period of § 2255 because it merely corrected a clerical error and Happold's original conviction and sentence was left intact.").

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that a petitioner did not properly raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule, one of which is applicable here. Claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Rodriguez seeks § 2255 relief primarily on the basis of ineffective assistance of counsel. Because claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion, these claims are not procedurally defaulted. *Massaro*, 538 U.S. at 504. Rodriguez's fifth ground for relief—that the Court should have sentenced him on the "gun charge first, drug charges second" so that he could "be able to benefit from safety valve relief"—does not fall within that category, however. ECF No. 1 at 9. Petitioner did not raise this ground on any appeal, and it is not grounded in ineffective assistance of counsel. Accordingly, he cannot raise it for the first time in the § 2255 motion.[3]

### 2.3 Cognizable Claims

Having determined that Rodriguez's first four grounds do not fail on the statute of limitations or procedural default, the Court will consider whether they are cognizable and non-frivolous, in order to excise any plainly meritless

---

[3] In any event, this fifth ground appears to be a re-wording of Petitioner's first ground for relief, which alleges that "Counsel Failed to Advise, Inform, and Advocate for the Application of the Safety Valve Relief." ECF No. 1 at 4.

claims. The Court cannot conclude at this early stage that Rodriguez's claims are plainly incognizable or frivolous. Rodriguez may therefore proceed on his first four grounds for relief.

**4. CONCLUSION**

In light of the foregoing, the Court will set a briefing schedule.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following briefing schedule:

1. Within 30 days of entry of this order, Respondent shall file either an appropriate motion seeking dismissal of this action or an answer to Petitioner's motion, complying with Rule 5 of the Rules Governing § 2255 Cases.

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have 30 days after the filing of Respondent's answer within which to file a brief in support of his motion, providing reasons why his conviction should be vacated.

    b. Respondent shall file an opposition brief, with reasons why Petitioner's conviction should not be vacated, within 30 days of service of Petitioner's brief, or within 60 days from the date of this order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within 15 days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have 30 days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the motion to vacate or a dispositive motion filed by Respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge